STEPP *v*. STEPHENSON.*

(Division B.   March 14, 1927.)

[111 So. 747.   No. 26298.]

JUDGMENT.   *Default judgment on pleadings without writ of inquiry held improper in action for damages and penalty for cutting and removing trees (Hemingway's Code, section 599).*

Default judgment on pleadings without awarding writ of inquiry *held* improperly entered in action for actual damages and statu-

tory penalty for cutting and removing trees, it not being a case where judgment might be rendered for amount certain as shown by pleadings under Hemingway's Code, section 599, since actual damages for cutting trees was matter requiring proof and assessment by jury under writ of inquiry.

---

*Corpus Juris-Cyc References: Judgments, 34CJ, p. 189, n. 46.

APPEAL from circuit court of Carroll county, First district.

HON. A. T. PATTERSON, Special Judge.

Action by Mrs. Alice Stephenson against T. M. Stepp. Judgment for plaintiff, ¡and defendant appeals. Reversed and remanded.

*J. A. Cunningham* and *J. E. Berry,* for appellant.

I.   The trial court was without authority to render a judgment for both the statutory penalty sued for and the actual value of the same trees. *Roell et al.* v. *Shields,* 86 So. 763; *Batson-McGehee Co.* v. *Smith,* 98 So. 534.

II.   Appellant has also assigned as error the action of the trial court below in proceeding to final judgment against the appellant without observing ⸱the requirements of section 599, Hemingway's Code, which made it mandatory for him to direct a writ of inquiry and have a jury to pass upon the demands on proof.   To sustain our construction of the statute, see *Miss. Cent. R. R. Co.* v. *Fort,* 44 Miss. 423; *Boykin et al.* v. *State,* 50 Miss. 375; *Jenkin* v. *Wilkinson et al.,* 24 So. 700.

The mere fact that appellee stated a sum certain in her declaration as to the actual value of the trees and a sum certain as to the statutory penalties, did not class this action as *ex contractu* but it remained nevertheless an action in trespass. *Isaacs* v. *Herman & Moss,* 49 Miss. 449.

Our courts do not favor any proceeding that deprives a citizen of his day in court. There are so many misunder-

standings that when occasionally a judgment is taken by default, the courts require that it come absolutely up to standard or else the rights of the defendant shall not be taken from him.

*E. V. Hughston* and *S. E. Turner,* for appellee.

We confess that under the law the court should have awarded a writ of inquiry to have the damages assessed by a jury and in that particular only the court erred.

HOLDEN, P. J., delivered the opinion of the court.

The appellee, Mrs. Alice Stephenson, sued the appellant, T. M. Stepp, for actual damages, and the statutory penalty, for the cutting and removing of about 76 pine trees standing on her land. Personal service was had upon the appellant, Stepp, but he failed to appear and defend the suit; whereupon judgment by default was taken against him for the sum of two hundred fifty dollars as actual damages and one thousand one hundred forty dollars as the statutory penalty for cutting and removing the trees. This judgment, by default, for a total of one thousand three hundred ninety dollars, was rendered by the court upon the pleadings instead of awarding a writ of inquiry so that a jury might determine the amount of damages to be assessed against the defendant. The appellant complains here that the court erred in rendering the judgment without a writ of inquiry.

We think the position of appellant is well taken. It is not a case where a judgment may be rendered for an amount certain as shown by the pleadings, as provided in section 599, Hemingway's Code. The actual damages on account of the cutting of the trees was a matter that required proof and an assessment by a jury under a writ of inquiry before the default judgment in favor of the

plaintiff for the amount of actual damages could be rendered.

For the error committed by the lower court, the judgment will be reversed and the case remanded.

*Reversed and remanded.*